JUNIOR *v.* STATE.

Opinion delivered October 7, 1905.

EVIDENCE—IDENTIFICATION OF RECORD—SECONDARY PROOF.—Testimony of a stranger identifying a record of the judgment of a justice of the peace is inadmissible, in the absence of any explanation why neither the justice of the peace who rendered the alleged judgment nor his successor in office was present to identify the record.

Appeal from Calhoun Circuit Court.

CHARLES W. SMITH, Judge.

Junior and Tatum were convicted of an assault with intent to kill, and have appealed.

Affirmed.

### STATEMENT BY THE COURT.

Appellants were convicted of an assault with intent to kill one Ed. Ware. Ed. Ware was offered as a witness, and appellants objected to his testifying on the ground that he had been convicted of petit larceny.

Appellants attempted to show such conviction by proving the signature of the magistrate before whom Ware was said to have been convicted to the alleged record kept by the magistrate at the time, but the court refused to allow the record to be identified in that way. Appellants then called as a witness one Martin, who testified as follows:

"Q. Is this the book you got in Fordyce yesterday? A. Yes, sir; I got it from Mr. Owens, the justice of the peace at Fordyce. Q. He delivered you possession of it? A. Yes, sir. Q. State to the court what he said about the parties who had made the record."

The State objects, and the court sustains the objection, and defendants except.

Appellants called J. R. Thornton, who testified as follows:

"Q. State to the court whether Mr. Bunn was acting in the capacity of justice of the peace at Fordyce, in that township, about that time?" (State's objection sustained. Defendants except.)

"Q. That judgment there as it appears on the record, is that in W. J. Bunn's handwriting; do you know his handwriting? A. Yes, sir. Q. Is that his writing? A. Yes, sir; I believe that is his handwriting; he and his son's. Their handwriting resembles a great deal. I give it as my opinion that is Wiley Bunn's handwriting. Q. As well as his signature? A. Yes, sir; I mean the whole thing."

(Court holds this insufficient basis for the introduction of the record. Defendants except.)"

*C. L. Poole,* for appellant.

*Robert L. Rogers, Attorney General,* for State.

WOOD, J., (after stating the facts.) The ruling of the court was correct. The conviction of Ware of the crime of petit larceny was not shown by the record itself or a certified copy

thereof. The attempt to identify the record in the manner indi-
cated was insufficient. The successor of the justice of the peace
before whom the alleged conviction was had was the custodian
of the record (Kirby's Digest, § 4546), and the proper one to
indentify same. It could not be done by secondary evidence,
without laying the foundation therefor, which was not done in
this case. No reason was given why the magistrate who ren-
dered the alleged judgment, or his successor in office, was not
present to identify the record. Secondary proof was not proper
until this was done.

The proof offered to establish the record in this case was
incompetent.

Affirmed.

McCULLOCH, J., (dissenting.) I think that the record of
conviction of the witness Ware was properly and sufficiently
identified, and that the court erred in refusing to permit its
introduction.